IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADDELL SKINNER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2613 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 6). After considering the motion, response, reply, and applicable law, the Court concludes for the following reasons that the Motion should be granted.

I. Background

Plaintiff Addell Skinner, Jr. ("Plaintiff") owns a home at 16723 Quail Park Drive, Missouri City, Texas 77489 (the "Property").[1] On April 5, 2007, Plaintiff executed a Home Equity Note and Deed of Trust in favor of Defendant Wells Fargo Bank, N.A. ("Defendant").[2] Plaintiff brings this suit to prevent Defendant from foreclosing on his home, alleging that Defendant violated several provisions of the Texas Constitution art. XVI, § 50(a)(6)

---

[1] Document No. 1, ex. B-2 at 3.

[2] Id., ex. B.2 at 3; Document No. 1-4 at 13 of 21, 16 of 21.

when he obtained his home equity loan from Defendant.[3] Specifically, Plaintiff alleges that the loan closed fewer than 12 days after the loan application was submitted, in violation of Section 50(a)(6)(M)(i);[4] that an itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing was not provided at least one day before closing, in violation of Section 50(a)(6)(M)(ii);[5] that Plaintiff did not receive a copy of the final loan documents, in violation of Section 50(a)(6)(Q)(v);[6] and that Plaintiff did not receive an acknowledgment of the three-day right to rescind, in violation of Section 50(a)(6)(Q)(viii).[7] Plaintiff on May 7, 2013 (more than six years after his execution of the Note and Deed of Trust), sent to Defendant a letter with a request to cure these alleged violations.[8] Defendant did not respond to the letter.[9]

Plaintiff seeks a Declaratory Judgment that (a) Defendant has failed to cure constitutional defects in loan documents, (b) the mortgage lien is noncompliant with the Texas Constitution and

---

[3] Document No. 1, ex. B-2 at 3-4.

[4] Id., ex. B-2 at 3.

[5] Id., ex. B-2 at 4.

[6] Id.

[7] Id.

[8] Id., ex. B-2 at 3.

[9] Id., ex. B-2 at 4.

thereby void, and (c) Defendant forfeits all principal and interest on the Note in question.[10] Plaintiff also seeks a permanent injunction preventing Defendant from taking possession of or foreclosing on the Property, attempting to collect on the mortgage, or charging Plaintiff's account for attorney's fees in connection with this action.[11] Additionally, Plaintiff alleges that Defendant breached the Deed of Trust by failing to cure its violations of Section 50(a)(6) within the 60-day period, and that Defendant clouded Plaintiff's title by claiming that it has a lien on the Property and has the power to foreclose on the property.[12] Defendant moves for dismissal under Rule 12(b)(6), arguing that Plaintiff's claims are barred by the statute of limitations.[13]

## II.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the

---

[10] Id., ex. B-2 at 7.

[11] Id., ex. B-2 at 8.

[12] Id., ex. B-2 at 5-6.

[13] Document No. 6.

plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

### III. Analysis

Relying on the Fifth Circuit's recent opinion in Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667 (5th Cir. 2013), Defendant argues that Plaintiff's claims are barred by Texas's four-year residual statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.051

4

(West 2008). Plaintiff executed the Note and Deed of Trust on April 5, 2007. Plaintiff did not sue Defendants on these claims until July 24, 2013, well more than four years after the date of Plaintiff's injury from Defendant's constitutional violations. Under Priester, the claims are barred by the four-year statute of limitations.

As in Priester, the constitutional violations and Plaintiff's injury occurred when Plaintiff "created the lien." Priester, 708 F.3d at 676. On April 5, 2007, when he executed the Note and Deed of Trust, Plaintiff knew whether the loan was closed fewer than twelve days after he made his original loan application; knew whether an itemized disclosure of fees and costs had been provided; knew whether he had received a copy of the final loan application and all of the executed documents signed at closing; and knew whether he had received an acknowledgment of the 3-day right to rescind. Claims on these constitutional violations were required then to be filed within four years after the injury occurred on April 5, 2007. When more than four years expired, in April, 2011, the claims were barred. Id.; TEX. CIV. PRAC. & REM. CODE § 16.051 (West 2008); see also, Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 103 S. Ct. 729 (1983) ("[A] complaint that shows relief to be barred by an affirmative defense, such as the statute

5

of limitations, may be dismissed for failure to state a cause of action.").

Plaintiff presents lengthy arguments contending that Priester was wrongly decided. Just three months ago, this Court rejected many of these same arguments made by Plaintiff's Counsel in an almost identical case. Underwood v. Wells Fargo Bank, N.A., Civ. A. H:12-3437, 2013 WL 3788094 (S.D. Tex. July 18, 2013). As explained in Underwood, decisions by the Fifth Circuit constitute binding precedent on this Court, and Plaintiff presents no subsequent Texas Supreme Court authority that directly contradicts the holding in Priester. See Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 421 (5th Cir. 2001) ("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders our prior decision clearly wrong.") (citation omitted). Thus, Priester controls the determination of this case.

Plaintiff's other allegations--for breach of the Deed of Trust by Defendant's failure to cure its constitutional violations within 60 days after Plaintiff's May 7, 2013 request, and for placing a cloud on Plaintiff's title by claiming a right to foreclose on the home, are both derivative claims premised on barred constitutional violations and therefore state no cause of action. As observed in Priester, "once the period of limitations has passed, the lien is no longer voidable and is valid." Priester, 708 F.3d at 678

("[T]he lien becomes valid after the period of limitations passes, so the 'harm' is, in effect, erased."). Accordingly, when Plaintiff sent to Defendant his letter of May 7, 2013, requesting Defendant to cure the constitutional violations within 60 days, Plaintiff's constitutional claims were already "in effect, erased," and hence, Defendant had no obligation either under the Constitution or derivatively, under the Deed of Trust, to effect a "cure." Likewise, Defendant's assertion of a right to foreclose on the property under a then valid lien placed no cloud on Plaintiff's title.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 6) is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 25TH day of October, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE